UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brian Jennings<br>AU-2511,<br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Justin Polanco, M.D.; Doctor Goldstein;<br>Does 1 through 5,<br>　　　　　　　　　　　　Defendants. | Case No.: 3:15-cv-00890-LAB-BGS<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) (ECF No. 3)**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed.R.Civ.P. 4(c)(3)** |

　　　Brian Jennings ("Plaintiff"), currently incarcerated at California Correctional Institution located in Tehachapi, California, and proceeding pro se, has filed a civil rights

1 complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).

2 Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a);
3 instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28
4 U.S.C. § 1915(a) **(ECF No. 3)**.

5 **II.     Plaintiff's Motion to Proceed IFP**

6 All parties instituting any civil action, suit or proceeding in a district court of the
7 United States, except an application for writ of habeas corpus, must pay a filing fee. *See*
8 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the
9 entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See*
10 *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a
11 prisoner and he is granted leave to proceed IFP, he remains obligated to pay the full
12 entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015),
13 regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) &
14 (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

15 Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act
16 ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the
17 trust fund account statement (or institutional equivalent) for the ... six-month period

---

19 [1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees,
20 District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

1  immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v.*
2  *King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the
3  Court assesses an initial payment of 20% of (a) the average monthly deposits in the
4  account for the past six months, or (b) the average monthly balance in the account for the
5  past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §
6  1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then
7  collects subsequent payments, assessed at 20% of the preceding month's income, in any
8  month in which the prisoner's account exceeds $10, and forwards those payments to the
9  Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

10  In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust
11  account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*,
12  398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity, as well as the
13  attached prison certificate verifying his available balances. Plaintiff's statements show an
14  average monthly balance of **7.69**, average monthly deposits of **46.14**, and an available
15  balance of **5.56** in his account at the time of filing. Based on this financial information,
16  the Court GRANTS Plaintiff's Motion to Proceed IFP **(ECF No. 3)** and assesses an
17  initial partial filing fee of **1.54** pursuant to 28 U.S.C. § 1915(b)(1).

18  However, the Court will direct the Secretary of the California Department of
19  Corrections and Rehabilitation ("CDCR"), or his designee, to collect this initial fee only
20  if sufficient funds in Plaintiff's account are available at the time this Order is executed.

*See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b)(1).

## II.     Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v.*

1  *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v.*
2  *Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

3      All complaints must contain "a short and plain statement of the claim showing that
4  the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not
5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
6  mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
7  (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether
8  a complaint states a plausible claim for relief [is] ... a context-specific task that requires
9  the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere
10 possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also*
11 *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

12     "When there are well-pleaded factual allegations, a court should assume their
13 veracity, and then determine whether they plausibly give rise to an entitlement to relief."
14 *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)
15 ("[W]hen determining whether a complaint states a claim, a court must accept as true all
16 allegations of material fact and must construe those facts in the light most favorable to
17 the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that §
18 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

19     However, while the court "ha[s] an obligation where the petitioner is pro se,
20 particularly in civil rights cases, to construe the pleadings liberally and to afford the

petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pled, the Court finds Plaintiff's Complaint contains allegations which are sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[2] Accordingly, the Court will direct the U.S. Marshal to effect service upon Garcia on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed.R.Civ.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (**ECF No. 3**).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect the **1.54** initial filing fee assessed by this Order from Plaintiff's prison trust account, and forward

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1 the remaining **348.46** balance of the full fee owed by collecting monthly payments from

2 Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's

3 income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10

4 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY

5 IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

6     3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeffrey A.

7 Beard, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

8     4.    **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF

9 No. 1) upon Defendants and forward it to Plaintiff along with blank U.S. Marshal Form

10 285. In addition, the Clerk will provide Plaintiff with a certified copy of this Order,

11 certified copies of his Complaint (ECF No. 1), and the summons so that he may serve

12 Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as

13 completely and accurately as possible, and return it to the United States Marshal

14 according to the instructions the Clerk provides in the letter accompanying his IFP

15 package.

16     5.    **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons

17 upon Defendants as directed by Plaintiff on the USM Form 285. All costs of that service

18 will be advanced by the United States. See 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3).

19     6.    **ORDERS** Defendants to reply to Plaintiff's Complaint within the time

20 provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). See 42

U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

**7.** **ORDERS** Plaintiff to serve upon Defendants or, if an appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document he wishes the Court to consider. Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

**DATED:** June 1, 2015

_____
**Hon. Larry Alan Burns**
**United States District Judge**