UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brian Jennings, CDCR #AU-2511,<br><br>                                 Plaintiff,<br><br>v.<br><br>Justin Polanco, M.D. et al.<br><br>                                Defendant. | Case No.:  15cv890 LAB (BGS)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>**[ECF NO. 19.]** |

## I.     INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff, Brian Christopher Jennings, is a state prisoner proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights action. On November 30, 2015, Plaintiff filed an *ex parte* motion to appoint counsel on the basis of indigence. (ECF No. 14.) On December 30, 2015, this Court issued an order denying Plaintiff's motion to appoint counsel without prejudice for failure to demonstrate the exceptional circumstances required for appointment of counsel in a civil action. (*See* ECF No. 15, 2:8-20.)

Presently before the Court is Plaintiff's second *ex parte* motion for appointment of counsel filed on February 1, 2016 *nunc pro tunc* to January 29, 2016. (ECF No. 19.) Plaintiff once again asserts that his indigence necessitates the appointment of counsel. *Id.* at 18-22. Plaintiff also argues in a January 19, 2016 letter to the Court dated *nunc pro tunc* to January 8, 2016, that he is requesting counsel for a second time because "at least

90-95%" of his documents were completed with the help of fellow inmates and he "has no idea" what he is doing. (ECF No. 17 at 1.)

## II.   STANDARD OF REVIEW

As explained in the Court's prior order, "there is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp*. (*In Re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994). Consequently, federal courts do not have the authority "to make coercive appointments of counsel" as Plaintiff has asked this Court to do in his two recent motions. *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court also explained in its December 30, 2015 Order that while district courts do have discretion under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants, such a request is only made upon an evaluation of the likelihood of the plaintiff's success on the merits and a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).[1]

A finding of the exceptional circumstances "requires at least an evaluation of the Plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (*quoting Wilborn v. Escalderon*, 789 F.25 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

## III.   DISCUSSION

Plaintiff has twice now requested appointment of counsel in this case because he is indigent and also because he is uneducated in the law. However, one's lack of education and resources, without more, does not qualify as an exceptional circumstance warranting appointed counsel in a civil action.

The courts are aware, as Plaintiff wrote in his *ex parte* letter, that most *pro se* litigants

---

[1] In Plaintiff's *ex parte* motion for appointment of counsel, Plaintiff cites to case law and standards under a Title VII action, which prohibits employment discrimination. In Title VII cases, the court is authorized to appoint counsel "in such circumstances as the court may deem just." However this action is not a Title VII action, but an action under §1983 subject to the "exceptional circumstances" standard.

1  "find it difficult to articulate [their] claims," and would be better served with the assistance
2  of counsel.  *Wilborn,* 789 F.2d at 1331; *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.
3  1997).  To address this issue, federal courts employ procedures which are protective of a
4  *pro se* litigant's rights.  *See Haines v. Kerner,* 404 U.S. 519, 520 (holding pro se complaint
5  to less stringent standard) (per curiam).  For example, where a plaintiff appears *pro se* in a
6  civil rights case, the court must construe the pleadings liberally and afford the plaintiff any
7  benefit of the doubt.  *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th
8  Cir. 1988).

9      The Court has once again reviewed the complaint in this action and finds Plaintiff has
10  been able to clearly articulate his claims for deliberate indifference to his dental needs
11  under the Eighth Amendment and a violation of due process rights under the Fourteenth
12  Amendment for his transfer to solitary confinement from general population.  (ECF No.
13  15.)  Nothing has substantially changed in this case since the Court's last order that would
14  change the Court's analysis of the exceptional circumstance requirement. Plaintiff's
15  argument is not based on the complexity of the legal issues, but rather on the general
16  difficulty of litigating *pro se*.  As the Ninth Circuit explained in *Wilborn,* difficulty alone
17  is not sufficient to meet the exceptional circumstances requirement.  *Wilborn,* 789 F.2d at
18  1331.

19      To establish exceptional circumstances, Plaintiff must demonstrate that because of the
20  complexity of his legal claims he is unable to articulate his positions.  *Rand*, 113 F.3d at
21  1525.  The court in *Rand* held exceptional circumstances did not exist where, even though
22  the motions that were filed with the court "did not achieve the quality of papers that might
23  have been prepared by a lawyer," the papers were "generally articulate and organized." *Id*.
24  Here, like the litigant in *Rand,* Plaintiff has been able to put forward his claims in a
25  generally articulate and organized manner against the relative complexity of a §1983 case
26  ///
27  ///
28  ///

and therefore this action does not warrant the assistance of counsel at this time. Accordingly, Plaintiff's motion is **DENIED without prejudice.**

Dated: March 9, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge